989 F.2d 494
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Royston MOORE, Plaintiff-Appellant,
v.
GENERAL ACCIDENT INSURANCE COMPANY OF AMERICA, Defendant-Appellee,
and Donald A. Swofford, Defendant.
 No. 92-1466.
 United States Court of Appeals,
Fourth Circuit.
 Argued: February 3, 1993
Decided: March 19, 1993
 
 Appeal from the United States District Court for the Western District of Virginia, at Charlottesville. James H. Michael, Jr., District Judge. (CA-85-60-C)
 Clay James Summers, Sr., SUMMERS & ANDERSON, Charlottesville, Virginia, for Appellant.
 David Florin, WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, Alexandria, Virginia, for Appellee.
 Jane K. Hylinski, WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, Alexandria, Virginia, for Appellee.
 W.D.Va.
 AFFIRMED.
 Before HALL, MURNAGHAN, and NIEMEYER, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Royston Moore appeals an order of the district court granting summary judgment as against him and in favor of General Accident Insurance Company and Donald A. Swofford. Moore sought recovery from General Accident, as insurer of Swofford, following a confession of judgment made by Swofford in underlying litigation. General Accident, however, has maintained that Swofford breached the policy's cooperation clause by his confession of judgment, and that, therefore, it is not liable for the judgment in favor of Moore. The district court twice has granted summary judgment in favor of General Accident. In the first appeal, we vacated the district court's ruling and remanded for further consideration of two necessary conditions for the noncooperation defense asserted by General Accident to apply. Moore v. General Accident Ins. Co., No. 88-2611, slip op. (4th Cir. Feb. 13, 1990) (unpublished per curiam opinion). On remand and after closer examination of those issues, the district court has a second time granted summary judgment in favor of General Accident. That grant is before us on appeal and we affirm.
 
 
 2
 * General Accident issued a professional liability insurance policy to Swofford, an architect, covering his "architectural and construction management" services. The policy contained a cooperation clause specifying that:
 
 
 3
 It is a condition precedent to the application of all insurance afforded herein that the Insured shall: (c) cooperate with the Company and upon the Company's request, shall submit to examination and interrogation by a representative of the Company, under oath if required, and shall attend hearings, depositions and trial and shall assist in effecting a settlement, securing and giving evidence, obtaining the attendance of witnesses and in the conduct of suits....
 
 
 4
 Ergo, Swofford, to obtain coverage, was required to cooperate with General Accident, or at least not to engage in noncooperation, in the litigation of claims growing out of his policy.
 
 
 5
 The policy also included a "no action" clause which precluded Swofford from recovering against the policy "until the amount of such loss shall have been fixed or rendered certain ... by final judgment against the Insured after trial of the issues."
 
 
 6
 Moore initiated an action against Swofford, whom he had hired to refurbish and remodel a house on Virginia property he had recently purchased. Moore alleged in his complaint that Swofford, by failing to deliver a renovated house and various furnishings for that house, was responsible for a number of negligent acts and omissions. He also alleged that Swofford, as architect/construction manager, breached oral as well as written contracts with Moore. The ad damnum clause for breach of contract and negligence claims was for $160,000. Swofford in his answer to Moore's complaint denied generally both the breach of contract and negligence allegations and asserted affirmative defenses of estoppel, waiver, and contributory negligence. Swofford also asserted a counterclaim.
 
 
 7
 After extensive discovery and the day before the trial, Swofford entered an oral motion to confess judgment. Ten days later, the district court entered an order granting Swofford's oral motion and awarding Moore his entire damages request, $160,000. Later that same day, Swofford filed a petition in bankruptcy court pursuant to Chapter 13 of the Bankruptcy Code. Subsequently, Moore filed a second suit in the district court seeking to collect the judgment confessed by Swofford from General Accident, as Swofford's insurer. General Accident moved for and received from the district court summary judgment on the grounds that it was not liable under the policy because of Swofford's breach of the cooperation and"no action" clauses.
 
 
 8
 On appeal from the first grant of summary judgment, we vacated that decision and remanded for further consideration by the district court of two questions: (1) whether Swofford indeed had viable defenses to Moore's claim, thus making cooperation by Swofford significant, and (2) whether General Accident made reasonable attempts to prevent Swofford from confessing judgment.[1]
 
 II
 
 9
 With respect to the first question, the district court, after reviewing the facts and evidence presented on remand, concluded that Swofford indeed had viable defenses to Moore's claims. Specifically, the district judge determined that Swofford's claim of oral modification was supported by the record.[2] The district judge acknowledged that such a defense would not have precluded entirely an award in favor of Moore, but rather could have lessened substantially the amount of that award. However, the district judge contended that
 
 
 10
 General Accident does not have to establish a viable defense which would completely defeat Moore's claim to the $160,000. Rather, General Accident need only establish that it had a viable defense; i.e. a defense which would at least reduce plaintiff's recovery.
 
 
 11
 The question, then, on appeal is whether an insurer has demonstrated a breach of the cooperation clause when the insured, by his or her actions, precludes the introduction of a viable defense which could have substantially reduced though not entirely eliminated an award for the plaintiff. The Virginia Supreme Court has held that in order for an action of an insured " '[t]o constitute a breach of a cooperation clause ... there must be a lack of co-operation in some substantial and material respect; a technical or inconsequential lack of cooperation or a misstatement to the insurer is immaterial in such respect.' " Cooper v. Employers Mut. Ins. Co., 199 Va. 908, 913-914, 103 S.E.2d 210, 214 (1958) (quoting 29 Am. Jur. Insurance § 789); see also State Farm Mut. Auto. Ins. Co. v. Davies, 226 Va. 310, 316, 310 S.E.2d 167, 170 (1983); State Farm Mut. Auto. Ins. Co. v. Arghyris, 189 Va. 913, 55 S.E.2d 16 (1949). Thus, while no Virginia case law addresses directly the specific question raised here, the guiding consideration in answering the question is clear-the effect of the insured's breach must be material and substantial.
 
 
 12
 The forfeiture of a defense that could have significantly decreased the insured's liability, in the present case by perhaps fifty percent (from $160,000 to $80,000), appears a material and substantial breach with respect to the insurance policy. In light of the evidence supporting a defense of oral modification and the testimony that such a defense could have cut in half the liability of Swofford, we do not find error in the district court's holding that Swofford by confessing judgment and preventing the assertion of the oral modification defense committed a breach of the insurance policy which was willful in a material or essential particular.
 
 III
 
 13
 In the first appeal of the present matter, we were troubled by the fact that Swofford's confession of judgment and (essentially) concurrent declaration of bankruptcy acted to relieve General Accident of all responsibility and to deprive Moore of any source of recompense.
 
 
 14
 From the record, it is clear that Swofford knew that his confession of judgment would relieve General Accident of any financial responsibility. In a letter dated July 31, 1984, and addressed to Swofford's trial counsel (Nicholas), Swofford wrote:
 
 
 15
 It was my understanding in talking with you and Dave that, yes indeed I would forfeit coverage under the policy, for any claims due to the plaintiff/creditor in this case. In other words, Mr. Moore would never have any hope of recovering from the insurance company. I agreed with you that I would do all within my power to assist in protecting the insurance company since they have afforded such help this far.
 
 
 16
 While such a letter may appear a "smoking gun" in Swofford's hands, no evidence indicates that General Accident or the counsel it retained encouraged Swofford to confess judgment. In fact, lawyers with the firm hired by General Accident to defend Swofford repeatedly told Swofford not to confess judgment. In his deposition following our remand of the case, Swofford admitted that " ... Ned (Nicholas) was always against-he wanted to go to trial, and he was always against the, you know, the confession of judgment ... " Charles Jaeger, the attorney hired by Swofford to forward his counterclaims against Moore, confirmed Swofford's statement: "[Swofford] was very concerned about going to trial for some reason, and said that he didn't want to go forward with the trial, and I'm sure we [Nicholas and Jaeger] both told him he was-it was a ridiculous position and that he should go forward with the trial."
 
 
 17
 Given the preceding deposition testimony and the lack of any new evidence indicating General Accident encouraged or failed to discourage Swofford to confess judgment, the district court concluded that General Accident made reasonable efforts to secure Swofford's cooperation, and we agree. In his appeal of the first grant of summary judgment against him, Moore sufficiently raised our concerns about General Accident's behavior that we remanded the issue for further investigation. But mere suspicion alone does not prove inappropriate action on the part of General Accident. On remand, Moore did not provide any evidence to support doubts we may have had initially.
 
 
 18
 Since General Accident presented evidence demonstrating that it made reasonable efforts to obtain Swofford's cooperation and Moore failed to rebut that evidence, we do not find error with the district judge's affirmative response to the second question posed on remand.[3] Accordingly, the district court's grant of summary judgment in favor of General Accident and against Moore is AFFIRMED
 
 
 
 [1]
 To establish a defense of breach of a cooperation clause by the insured, the insurer must prove that the breach was willful in a material or essential particular and that the insurer made a reasonable effort to secure cooperation. Continental Casualty Co. v. Burton, 795 F.2d 1187, 1194 (4th Cir. 1986)
 
 
 [2]
 The claim was that Moore and Swofford orally modified the maximum guaranteed price clause of their contract
 
 
 [3]
 We find it, however, unnecessary to address the question of whether Swofford, by his actions, committed fraud against Moore